UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAULINE ROCKE,<br><br>*Plaintiff,*<br><br>– against –<br><br>JUDGE DANIEL TURBOW,<br><br>*Defendant.* | **MEMORANDUM & ORDER**<br>24-cv-06041 (NCM) (LB) |

**NATASHA C. MERLE**, United States District Judge:

*Pro se* plaintiff Pauline Rocke filed the above-captioned complaint for civil rights violations against Daniel Turbow, a former New York State judge.[1] Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, plaintiff's complaint is **DISMISSED**.

## BACKGROUND

Plaintiff's complaint provides minimal information and is difficult to comprehend. *See generally* Compl., ECF No. 1. She appears to allege claims relating to custody proceedings and the subsequent removal of her child from her care. Compl. at 4–5. Plaintiff names Daniel Turbow as the sole defendant, alleging that he believed "false

---

[1] The Court "may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings." *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006). The Court thus takes judicial notice that Daniel Turbow served as a judge in the Kings County Family Court. *See, e.g.*, *In re Felicia B. v. Charles B.*, 678 N.Y.S.2d 231 (1998) (Judge Turbow presiding); *In re Lawrence Children*, 768 N.Y.S.2d 83 (2003) (same).

allegation[s]" and gave her "kid" to her mother "because of [her] first [Administration for Children's Services]" encounter. Compl. at 5. Plaintiff provides no further information on the circumstances of the custody proceeding, but seeks to "clear [her] name" and "appeal." Compl. at 6.

## STANDARD OF REVIEW

A complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). *Pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court liberally reads a *pro se* complaint and interprets it as raising the strongest arguments it suggests. *Id.*; *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191–92 (2d Cir. 2008).

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[A] complaint will [also] be dismissed as frivolous when it is clear that the defendants are immune from suit." *Kelsey v. Clark*, No. 22-22, 2023 WL 1980307, at *1 (2d Cir. Feb. 14, 2023) (summary order) (quoting *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999)).

## DISCUSSION

To the extent that plaintiff seeks to bring claims against Daniel Turbow for his duties as a New York State judge, any such claim must be dismissed. Judges normally

2

have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. Judicial immunity does not apply when judges act outside of their judicial capacity, or if judicial actions were taken "in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).

Here, plaintiff's allegations relate to actions taken by defendant in his judicial capacity. *See* Compl. at 5. Plaintiff does not allege that defendant acted outside of his judicial capacity or in the absence of jurisdiction. Rather, she seems to disagree with defendant's final determination to remove her child from her custody and seeks to overturn his decision. *See* Compl. at 5. Therefore, judicial immunity applies, and the claims must be dismissed as frivolous. *See, e.g.*, *Kelsey*, 2023 WL 1980307, at *1; *Reiss v. Baron,* No. 1:22-cv-00908, 2022 WL 624420, at *2 (S.D.N.Y. Mar. 3, 2022) (dismissing claims under Section 1983 as frivolous due to judicial immunity).

## CONCLUSION

For the reasons stated above, the complaint is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Because plaintiff is proceeding *pro se*, the Court has considered giving her an opportunity to further amend her pleading but finds that amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Order to plaintiff and note the mailing on the docket.

**SO ORDERED.**

      */s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated:     October 24, 2024
           Brooklyn, New York